```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      BECKLEY
```

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 5:22-cr-00043

**JAMES EDWARD COOK**

<u>**SENTENCING MEMORANDUM OF THE UNITED STATES**</u>

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a sentencing memorandum in support of a sentence of imprisonment within the guideline range in the above-captioned matter, specifically 30 years' incarceration.

The PSR sets forth Defendant's total offense level as 35 and he falls within criminal history Category VI, which results in an advisory guideline range of 292 months to 365 months. <u>See</u> PSR ¶ 94.

For the reasons set forth herein, the United States respectfully requests that the Court sentence Defendant to 30 years of incarceration, to be followed by sex offender registration for fifteen years. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it will protect the public from Defendant, reflect the serious nature of the offense, and deter others who would follow Defendant's example.

I.   <u>**BACKGROUND**</u>

In December 2021, Defendant, a 42-year-old man, contacted a

nine-year-old girl[1] on Facebook, a social media application. Defendant continued to talk to the child using Facebook Messenger, a private messaging function on the application. Defendant began to discuss sexual activities with her, explaining various sexual terms, including "horny," "pussy," and "virginity." He offered to teach the child about sexual things and explained that he wanted to be her first sexual partner. He explained the process of engaging in sexual intercourse and encouraged her take pictures of herself masturbating. Defendant described his intentions in explicit details using graphic language. PSR ¶¶ 10-12. He promised the child gifts, including a cell phone.

Defendant spoke to the child on the telephone twice. He instructed her to wash her genitals, using explicit language to describe what he meant. He told her that sex might hurt a little bit, but it would be "pleasureful pain." He planned to engage cunnilingus with her prior to sexual intercourse. Defendant also explained that he would take pictures and make a video documenting their first time having intercourse.

Defendant shared his plans to meet the child outside Liberty High School. He coached the child on what to tell the driver picking her up to hide the illicit nature of his plans. On December 28, 2021, Defendant obtained a ride from a friend to pick up the

---

[1] While Defendant believed the young girl to be nine years old, the Facebook account was utilized by an undercover police officer.

2

child at the school. When he arrived, he was instead met by law enforcement officers. Defendant stated that he had "screwed up."

Forensic analysis of Defendant's cell phone and Facebook account revealed multiple conversations with other individuals wherein Defendant discussed sexual activities with minor children, including his boast that he had previously engaged in intercourse with children as young as twelve. PSR ¶¶ 14-19.

## II. SENTENCING FACTORS

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests the Court consider the following in this matter:

### A. Nature and Circumstances of the Offense.

The offense of conviction and the totality of Defendant's conduct justify a sentence of 30 years' incarceration. Defendant stands convicted of attempted enticement of a minor as a result of his illicit contact with an individual he believed to be a nine-year-old girl. This is Defendant's nineteenth criminal conviction, and his criminal history illustrates his complete disregard for the law. PSR ¶¶ 39-56.

Defendant repeatedly texted with the young girl and engaged in two telephone calls to facilitate his plan of engaging in intimate sexual acts with her. He encouraged her to take pictures of herself in compromising positions and further intended to videotape himself engaged in sexual acts with her. Defendant then

3

put his plan into action by getting a ride to meet the child and fulfill his sexual fantasies. Defendant's words and actions illustrate his intent to commit the sexual acts he discussed with the girl. His conduct is reprehensible. Furthermore, Defendant's statements made to others that he had engaged in sexual activity with children as young as twelve years old shows a pattern of deviant behavior and weighs in favor of a 30 year sentence.

    B. **Need for the Sentence to Reflect the Serious Nature of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public.**

The serious nature of Defendant's offense and the need for just punishment warrant a sentence of 30 years in prison. Defendant's admitted conduct in pursuing the girl, discussing sex with her, developing a plan to engage in sexual activity, establishing a way to avoid detection, encouraging a child to engage in making videos of sexual activity, and putting that plan into motion by traveling to meet the child was purposeful and deliberate. Defendant's actions were calculated to lure a young girl into illegal sexual activity. He was intent on fulfilling his plan. He was only thwarted when he arrived at the school and discovered law enforcement instead of the young girl.

A guideline sentence of 30 years in prison is warranted to deter both Defendant and others who may also seek to engage in similar conduct with young children. Such a sentence also reflects the seriousness of his offense — when Defendant engaged in these

conversations, encouraged the girl to send photographs of herself masturbating, and traveled to meet her, he fully believed it was a young girl he was going to meet rather than a law enforcement officer. Individuals who seek to have sex with children are justly sentenced to substantial terms of imprisonment.

III. **CONCLUSION**

Defendant's conduct shows that he is attracted to the sexual exploitation and degradation of young girls, and the lengths to which he was willing to go to achieve his goals. The United States believes that a sentence of 30 years' incarceration is appropriate and proffers that no compelling reason is present that would suggest a sentence below the statutory guidelines as calculated by both the United States Probation Office and the parties. Such a sentence, coupled with sex offender registration, serves the ends of justice and protects the public.

                                Respectfully submitted,

                                WILLIAM S. THOMPSON
                                United States Attorney

            By:   s/Julie M. White
                  JULIE M. WHITE
                  Assistant United States Attorney
                  WV State Bar No. 13971
                  300 Virginia Street East Room 4000
                  Charleston, WV  25301
                  Telephone:  304-345-2200
                  Fax:  304-347-5104
                  E-mail: Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 20th day of April, 2023, to:

>Michael R. Whitt, Esq.
>3558 Jefferson Street North, Suite 5
>Post Office Box 157
>Lewisburg, West Virginia 24901
>Email: mywvlawyer@gmail.com

>By: s/Julie M. White
>JULIE M. WHITE
>Assistant United States Attorney
>WV State Bar No. 13971
>300 Virginia Street East Room 4000
>Charleston, WV  25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>E-mail: Julie.white@usdoj.gov